

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 28 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY HAYDENN,

                Plaintiff,

   -against-

CITY OF NEW YORK, POLICE OFFICER
TONG, SERGEANT WHEELER, SERGEANT
FREIDMAN, POLICE OFFICER DOWNES,
SERGEANT KURTZ, and POLICE OFFICERS
JOHN DOES #1-2,

                Defendants.
-----------------------------------------------------------------X

**ORDER**
**11-CV-1003 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

On March 2, 2011, Plaintiff Anthony Haydenn commenced this civil rights action, pursuant to 42 U.S.C. § 1983 and other federal law, against Defendants the City of New York (the "City"), Police Officer Tong, Sergeant Wheeler, Sergeant Freidman, Police Officer Downes, Sergeant Kurtz, and Police Officers John Does #1-2. (Compl. (Docket Entry # 1).) Plaintiff has not filed any record with the court that indicates that he served Defendants Tong or Downes.

On August 9, 2011, Magistrate Judge Lois Bloom held an initial pretrial conference. (See Docket Entry of August 10, 2011.) The following day, August 10, 2011, Judge Bloom issued an order directing Plaintiff to file proof that defendants Tong and Downes were served with process by August 19, 2011. (Id.) Judge Bloom's order explicitly warned Plaintiff that "[i]f proof of service is not filed by August 19, 2011, Plaintiff's claims against defendants Tong and Downes shall be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure."[1] (Id.) Plaintiff failed to file proof

---

[1] Federal Rule of Civil procedure 4(m) governs the time limit for service, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

1

of service on Defendants Tong and Downes as Judge Bloom directed.

On September 8, 2011, Judge Bloom issued a Report & Recommendation ("R&R"), recommending that the court dismiss Plaintiff's claims against Tong and Downes pursuant to Rule 4(m). (R&R (Docket Entry # 8)); see also Fed. R. Civ. R. 72(b)(1). No party has objected to Judge Bloom's R&R, and the time to do so has now passed. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

In reviewing the report and recommendation of a dispositive matter from a magistrate judge, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); see also Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007) (failure to object waives further judicial review). Having reviewed Judge Bloom's R&R for clear error and found none, the court adopts her recommendation. Accordingly, the court dismisses Plaintiff's claims against Tong and Downes pursuant to Federal Rule of Civil Procedure 4(m).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
September 27, 2011

NICHOLAS G. GARAUFIS
United States District Judge

2