D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTHONY HAYDENN,

**MEMORANDUM & ORDER**

**11-CV-1003 (NGG) (LB)**

Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER
TONG, SERGEANT WHEELER,
SERGEANT FREIDMAN, POLICE
OFFICER DOWNS, SERGEANT KURTZ,
and POLICE OFFICERS JOHN DOES # 1-2,

Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Defendants ask the court to enforce a settlement agreement that the parties have reached pursuant to an offer of judgment made by Defendants under Federal Rule of Civil Procedure 68 (the "Rule 68 Offer") and accepted by Plaintiff. For the reasons that follow, Defendants' request is GRANTED. The Clerk of Court is respectfully directed to enter judgment *nunc pro tunc* according to the terms set forth in the Rule 68 Offer.

I.  BACKGROUND

Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 and other federal laws on March 2, 2011. (Compl. (Docket Entry # 1).) On December 9, 2011, Defendants served the Rule 68 Offer on Plaintiff. (Def. Rule 68 Offer of J. (Docket Entry # 13-1).) Defendants offered Plaintiff a judgment of $1,001 plus reasonable attorney's fees, expenses, and costs, in return for a "release and discharge [of] all [Defendants] . . . from any and

1

all claims under state or federal law that were or could have been alleged by plaintiff in [this] action." (Id. at 2.) On December 16, 2011, Plaintiff's counsel emailed Defendants' counsel the following message: "Plaintiff hereby accepts the offer of Judgment made by the City to him in this case." (Pl. Acceptance Email (Docket Entry # 13-2).) Defendants' counsel then forwarded to Plaintiff a "Stipulation and Order of Settlement and Discontinuance," an "Affidavit of Status of Liens," and a "General Release." (Def. Mot. for Pre-Motion Conference (Docket Entry # 13) at 1.)

According to Defendants, on or about February 20, 2012, Plaintiff's counsel indicated that Plaintiff wished to proceed with this litigation and refused to sign the settlement paperwork forwarded by Defendants. (See id. at 1.) Defendants then submitted a letter to the court arguing that Plaintiff's written acceptance of the Rule 68 Offer "formed a binding, enforceable contract" and "request[ed] a pre-motion conference prior to moving to enforce the settlement agreement that was reached by the parties." (Id. at 1-2.)

On March 9, 2012, the court ordered the parties to show cause "why the court should not direct the Clerk of Court to enter judgment nunc pro tunc according to the terms set forth in Defendants' Offer of Judgment, pursuant to Federal Rule of Civil Procedure 68." (Mar. 9, 2012, Order (Docket Entry # 14) at 2.) Plaintiff submitted a letter asking the court to "allow this matter to proceed to discovery on the ground that the contract was not binding, or, alternatively, in the exercise of its discretion, relieve him of the burden of being bound by the contract he entered into in error/mistake of fact in the interest of justice." (Pl. Ltr. (Docket Entry # 15) at 2.) Defendants submitted a letter reiterating that Plaintiff's acceptance of the Rule 68 Offer created a binding contract and arguing that Plaintiff should not be relieved from the contract based on any mistake of fact. (Def. Resp. Ltr. (Docket Entry # 16).)

2

## II. DISCUSSION

Federal Rule of Civil Procedure 68 provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

The Rule contemplates a four-step procedure: (1) the defendant serves upon the plaintiff an offer of judgment; (2) the plaintiff serves written notice accepting the offer; (3) either party files the offer and notice of acceptance, plus proof of service; (4) the clerk of court enters judgment. If the first three steps occur, the fourth must as well—"[t]he clerk *must* [ ] enter judgment" if there is an offer, acceptance, and filing. Fed. R. Civ. P. 68 (emphasis added).

The first three steps have indisputably occurred here: Defendants served an offer of judgment on Plaintiff (Def. Rule 68 Offer of J.); Plaintiff served his written acceptance (Pl. Acceptance Email); and Defendants filed the offer and notice of acceptance (see Docket Entry ## 13-1, 13-2). Under these circumstances, Rule 68 requires the Clerk to enter judgment.

Nonetheless, Plaintiff makes four arguments as to why the court should not enforce the agreement, each of which lacks merit.

First, Plaintiff argues "that the Offer of Judgment presupposes that he would have to sign and return some papers to Defendants before [ ] it becomes binding." (Pl. Ltr. at 1.) He is wrong. The Rule 68 Offer makes no mention of additional paperwork to be signed and returned. To the contrary, it makes clear that "*[a]cceptance of this offer of judgment* w[ould] act to release and discharge all [Defendants] . . . from any and all claims under state or federal law that were or could have been alleged by plaintiff in [this] action," and that "[t]he judgment shall contain and recite the terms and conditions *set forth herein*." (Def. Rule 68 Offer of J. at 2-3 (emphases

3

added).) The fact that Defendants' counsel later forwarded additional papers to Plaintiff is irrelevant; the Rule 68 Offer and Plaintiff's acceptance are what constitute the binding agreement for Rule 68 purposes.[1] And for similar reasons, it makes no difference whether, as Plaintiff asserts, the papers he was provided after his acceptance were "much broader than the Offer of Judgment." (Pl. Ltr. at 1.) Only the terms of the Rule 68 Offer will be incorporated into the court's judgment; if those terms are narrower than those in the additional paperwork, so much the better for Plaintiff.

Second, Plaintiff argues "that going through the trouble of filling out the paperwork, paying for notaries to notarize the various papers that required notarization, etc., was not worth the $1,000 amount of settlement." (Id.) But Plaintiff has no obligation to process the additional paperwork; again, the court's judgment will contain only those terms and conditions set forth in the Rule 68 Offer. (See Rule 68 Offer of J. at 3 ("The judgment shall contain and recite the terms and conditions set forth herein.").) In any event, Plaintiff has not suggested that the terms of the Rule 68 Offer are unconscionable or that the settlement was not entered into at arm's length, and "[w]hen a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that choice simply because his assessment of the consequences was incorrect." Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007).

Third, Plaintiff argues that the settlement was based on a "mistake of fact" because "a witness to [Plaintiff's] arrest that Plaintiff believed was not available and would not be able to buttress his claims has been located." (Pl. Ltr. at 1.) Plaintiff provides no description of this witness or how he or she would be helpful to his case; thus, there is no basis in the record for the

---

[1] Indeed, according to Defendants, the additional paperwork was provided merely "as a courtesy to the Comptroller's Office" "for the purpose of processing plaintiff's settlement more easily." (Def. Resp. Ltr. at 2.)

4

court to conclude that Plaintiff's acceptance of the Rule 68 Offer was based on a mistake of fact that should relieve him from the terms of his settlement. Cf. Powell, 497 F.3d at 128.

Finally, Plaintiff argues that "Defendants would not be prejudiced i[f] the court in the exercise of its discretion allows the matter to proceed." (Id. at 3.) Whether or not that is true, it has no bearing on whether the agreement is enforceable under Rule 68.

For these reasons, the court GRANTS Defendants' request that it enforce the settlement agreement reached by the parties. The Clerk of Court is respectfully directed to enter judgment *nunc pro tunc* according to the terms set forth in the Rule 68 Offer. (See Docket Entry # 13-1.)

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October 14, 2012

NICHOLAS G. GARAUFIS
United States District Judge